**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
:
CHUBB NATIONAL INSURANCE COMPANY, as   :
Subrogee of BENNETT GRAU,                            :
:
                             Plaintiff,     :   No. 1:25-cv-09178-MMG
:
            -against-           :
:   **JURY TRIAL DEMANDED**
A. O. SMITH CORPORATION, DONATO     :
PLUMBING & HEATING, and DONATO       :
PLUMBING INC.,                       :
:
                    Defendants.   :
-------------------------------------------------------------------X

## STIPULATED CONFIDENTIALITY AGREEMENT & PROTECTIVE ORDER

**WHEREAS**, Plaintiff, Chubb National Insurance Company, has filed the above captioned lawsuit (hereafter "the Lawsuit") to recover damages allegedly arising out of an alleged water leak involving an A. O. Smith Corporation ("A. O. Smith") branded water heater installed by Donato Plumbing Inc. ("Donato") at 25 West End Avenue, Apartment #12D, New York, New York 10023 on or about January 11, 2024;

**WHEREAS**, Plaintiff asserts in the Lawsuit, among other things, that the A. O. Smith water heater was defective and caused Plaintiff's damages identified in the Lawsuit;

**WHEREAS**, Plaintiff has alleged that Defendants bears responsibility for the damages Plaintiff allegedly sustained on or around January 11, 2024;

**WHEREAS**, Plaintiff will seek in the course of discovery in the Lawsuit various documents and materials from Defendants related to proprietary corporate materials and documents;

**WHEREAS**, the below signed parties agree that some of the requested materials constitute

confidential information, trade secrets and/or commercially sensitive material, the uncontrolled dissemination of which could materially and detrimentally impact Defendants;

**THE BELOW SIGNED PARTIES THEREFORE AGREE AND STIPULATE**, through their respective counsel of record to entry of this non-sharing Confidentiality Agreement and Protective Order. The below signed parties further agree as follows:

I.      PROCEDURES FOR DETERMINING CONFIDENTIAL STATUS

1.      As used in this Order, "Confidential" means any document, writing, or tangible thing of any type that any of the parties, through counsel, designate in good faith as containing information of the parties that is confidential including without limitation documents containing proprietary business, commercial, or financial information, such as trade secrets, future business plans, or customer lists.

2.      Prior to producing confidential documents or information, the producing party shall so designate them by marking them as *"Confidential and/or Proprietary Information Subject to Protective Order"* or similar language. Any such documents and information produced will then acquire "Confidential" status pursuant to this Order ("Confidential Documents").

3.      The confidential status accorded to any Confidential Documents produced pursuant to this Order shall remain in effect until further Order of this Court as to such Confidential Documents.

4.      In the event that a party disagrees with the propriety of any Confidentiality designation, then the parties will first try, in good faith, to resolve such dispute on an informal basis before presenting the dispute to the Court. The Court may then determine whether the material should be considered Confidential. All material whose designation has been disputed shall be treated as "Confidential" if so marked, until such time as the Court determines or the parties

agree otherwise.

II.    HANDLING OF "CONFIDENTIAL" DOCUMENTS OR THINGS

With regard to those Confidential Documents that are accorded confidential status as set forth above, the following orders shall be in effect:

1.    Any party or its counsel receiving Confidential Documents subject to this Order shall not provide copies of such Confidential Documents to any other person or entity not outlined below without the written authorization of the producing party or its counsel.

2.    Confidential Documents produced pursuant to this Order, and any copies thereof, may be disclosed only to parties, their attorneys, consultants, expert witnesses, deponents or witnesses, as well as their respective agents, employees or other persons who are assisting in the preparation for trial of this action, but only to the extent that such Confidential Documents are necessary to prepare for trial, including reviewing and evaluating the case, analyzing and consulting on issues in this case, forming expert opinions for this case, and preparing for and providing deposition and/or trial testimony in this case. Prior to the disclosure of such Confidential Documents to any such above-described recipient, the disclosing attorney shall provide the recipient of the Confidential Documents with a copy of this Agreed Protective Order and obtain the recipient's agreement to be bound by its terms as a condition of accepting the Confidential Documents.

3.    Confidential Documents may be disclosed in a discovery request or in response to discovery request, if necessary.

4.    Confidential Documents may be disclosed in a motion, response to a motion, brief, or other pleading. But, in that case, the proffering party shall move that the motion, response to the motion, brief or other pleading be kept under seal until further order of the Court and shall refer

to, but shall not file, the Confidential Documents until further order of the Court.

5.      Confidential Documents may be disclosed in a deposition. If they are, each portion of the deposition relating to such Document shall be designated as *"Confidential and/or Proprietary Information Subject to Protective Order,"* or similar language, and shall not be disclosed to anyone other than the persons designated above. Such designation shall be made by making an appropriate statement at the time of testimony. Should a party desire to file a Confidential Document disclosed or identified in a deposition, the Confidential Document shall be treated as described in Paragraph II (4) above.

6.      All attorneys receiving Confidential Documents subject to this Order shall maintain a list of names of each person, other than members of the receiving attorney's firm, who has heretofore been referenced in this Order, to whom Confidential Documents covered by this Order have been disclosed. This provision is intended to include experts, consultants, or other individuals that a party may utilize in connection with this litigation. This list is intended only to aid in the retrieval of any Confidential Documents at the conclusion of this litigation and shall not represent litigation material subject to disclosure consistent with the applicable rules of court pertaining to the disclosure of documents and tangible things.

7.      This Agreed Protective Order and its terms may be modified by any subsequent Order to which all parties have agreed and/or which is entered by this Court.

8.      Within 90 days of the conclusion of this action, whether by settlement or otherwise, the Confidential Documents produced pursuant to this Order, and any copies thereof; shall be returned to the attorney for the producing party, or, alternatively, the attorney who is in possession of or who distributed the Confidential Documents may destroy them, and certify by letter to the attorney for the producing party that the Confidential Documents have been destroyed. Except

that if a party appeals the final disposition of this action, the parties may maintain confidential documents until 90 days after the conclusion of the appeal(s) and/or any subsequent proceedings.

9.      The Documents produced pursuant to this Agreed Protective Order shall be used only for purposes of the above-captioned lawsuit and any appeal(s) and/or subsequent proceeding(s) and for no other purpose.

10.     The terms of this Agreed Protective Order shall survive and remain in effect after the termination of this lawsuit. The parties agree and hereby submit to the jurisdiction of the courts of the State of New York to resolve disputes arising out of alleged violations of this Agreement. The Parties agree and stipulate that the courts of the State of New York shall retain jurisdiction over all disputes arising out of alleged violations of this Agreement

11.     This Agreement may be signed in counterparts or any number of duplicate originals, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The facsimile or email transmission of this Agreement as well as signatures affixed hereto in PDF format are to be considered as originals and are as binding as originals.

III.    USE AT TRIAL

This Order shall have no effect on the offering or admission of Confidential Documents produced pursuant to this Order at trial. But upon request of the producing party and approval of the Court, the Court shall designate any such Confidential Documents as *"Confidential and/or Proprietary Information Subject to Protective Order,"* or similar language, and direct that they are to be maintained under seal and not to be made part of the public record.

IV.     USE DURING APPEAL

It is expressly agreed and understood that no provision of this Order precludes the use of the Confidential Documents and/or transcript portions of testimony otherwise deemed to be

Confidential as necessary for any appellate proceeding, but such use must also be made consistent with the terms of this Order.

**AGREED AND SO STIPULATED**:

COZEN O'CONNOR

BY: /s/ Kristy Miller, Esq.
    Kristy Miller, Esq.
    Guy A. Bell, Esq.
    3WTC
    175 Greenwich Street, 55th Floor
    New York, NY 10007
    KMiller@Cozen.com
    GBell@Cozen.com
    *Attorneys for Plaintiff*

P&K PARK LLP

BY:/s/ Charles Gilliam-Brownlee, Esq.
    Christine M. Emery, Esq.
    Charles Gilliam-Brownlee, Esq.
    1 Bridge Plaza
    N Central Road, Suite 675
    Fort Lee, NJ 07024
    Christine.Emery@PKParkLLP.com
    CGilliam-Brownlee@PKParkLLP.com
    *Attorneys for Defendant*
    *A. O. Smith Corporation*

NICOLETTI HORNIG NAMAZI
ECKERT & SHEEHAN

BY:/s/ David Herscovici, Esq.
    Barbara A. Sheehan, Esq.
    David Herscovici, Esq.
    Wall Street Plaza
    88 Pine Street
    New York, NY 10005
    BSheehan@NicolettiHornig.com
    DHerscovici@NicolettiHornig.com
    *Attorneys for Defendant*
    *Donato Plumbing Inc.*

**SO ORDERED** this _____7_____ day of _____May_____, 2026.

BY THE COURT:

_____
HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE